UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JULIO L. CHACON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-00127-DML-TWP |
| | ) | |
| WAL-MART STORES INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION REGARDING SANCTIONS**

This matter was removed to this Court on January 15, 2016. On February 17, 2016, following the parties consent, this matter was referred to Magistrate Judge Debra McVicker Lynch to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Magistrate Judge Lynch conducted an initial pretrial conference on March 7, 2016. At the conclusion of the conference, Magistrate Judge Lynch scheduled a telephonic status conference in the matter on May 9, 2016. [Dkt. 17.]

On May 9, 2016, Magistrate Judge Lynch conducted the scheduled telephonic status conference. Counsel for Plaintiff, Randolph A. Leerkamp, failed to appear. By order dated May 11, 2015, Magistrate Judge Lynch ordered Mr. Leerkamp to show cause on or before May 18, 2016, "why he should not be sanctioned for his failure to appear." [Dkt. 29.]

On May 17, 2016, Mr. Leerkamp responded to Magistrate Judge Lynch's order to show cause. Mr. Leerkamp explained that he had failed to calendar the May 9, 2016 status conference

and further explained that he did "not know why he did not have the status conference on his calendar." [Dkt. 30 at 1.]

On March 8, 2016, Magistrate Judge Lynch referred this matter to Magistrate Judge Mark J. Dinsmore for the purpose of conducting a settlement conference in the matter. [Dkt. 19.] On March 30, 2016, Magistrate Judge Dinsmore scheduled a settlement conference in this matter on June 29, 2016.[1] [Dkt. 21.] Also on March 30, 2016, Magistrate Judge Dinsmore scheduled a telephonic status conference on May 25, 2016 to discuss the parties' readiness for the settlement conference. [Dkt. 22.] On May 20, 2016, a second docket entry was issued providing the parties the call-in information for the May 25, 2016 telephonic status conference with Magistrate Judge Dinsmore. [Dkt. 33.] Mr. Leerkamp failed to appear for the May 25, 2016 telephonic status conference. [Dkt. 34.]

On May 27, 2016, Magistrate Judge Dinsmore ordered Mr. Leerkamp to appear before the Court on June 14, 2016, "to show cause why he should not be sanctioned for having failed to appear for the May 25, 2016 telephonic status conference in this matter." [Dkt. 35.] Once again, and for the third time in a row, Mr. Leerkamp failed to appear.

The Court's records show that Magistrate Judge Dinsmore's orders at Docket Nos. 22, 33, 34, and 35 were all sent to Mr. Leerkamp at rleerkamp@gslawindy.com, which is Mr. Leerkamp's reported address on the docket of this matter and the same address to which Magistrate Judge Lynch's order to show cause [Dkt. 29] was sent, an order that Mr. Leerkamp clearly received [*see* Dkt. 30]. That address also appears in Mr. Leerkamp's own most recent submission to the Court. [Dkt. 30 at 2.]

---

[1] By order dated May 27, 2016, the Court continued the settlement conference to September 30, 2016. [Dkt. 34.]

A district court has the inherent authority to impose sanctions on an attorney for the "willful disobedience of a court order." *See Trzeciak v. Petrich*, No. 2:10-CV-358-JTM-PRC, 2014 WL 5488439, at *1 (N.D. Ind. Oct. 29, 2014) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)). This power is governed "not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Barnhill v. U.S.*, 11 F.3d 1360, 1367 (7th Cir. 1993) (internal quotation omitted). A court's inherent powers are to be used "to reprimand the offender" and "to deter future parties from trampling on the integrity of the court." *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003)). The sanction imposed by a court "should be proportionate to the gravity of the offense." *Montaño v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008).

This Court has scheduled a total of four conferences/hearings in this matter and Mr. Leerkamp has missed three of them. In responding to Magistrate Judge Lynch's order to show cause, Mr. Leerkamp represented that he did "not know why he did not have the status conference on his calendar." [Dkt. 30 at 1.] One would imagine that a prudent attorney faced with such circumstance would have undertaken efforts to discover the reason for the calendaring error and put in place procedures to ensure it was not repeated. Nevertheless, only three days after filing that response to the order to show cause, Mr. Leerkamp received his **second** notice of the May 25, 2016 telephonic status conference [Dkt. 33], yet he still failed to attend the telephonic status conference that was conducted five days later. Mr. Leerkamp subsequently failed to attend the show cause hearing scheduled on June 14, 2016. **Such systematic and repeated failures to comply with the Court's orders are unacceptable**.

Furthermore, any attempt by Mr. Leerkamp to suggest that he may have failed to receive one or more of the Court's orders is unavailing. A thorough and eloquent recitation of counsel's

responsibilities to keep appraised of the dockets of the cases in which they are involved was set forth by the court in *Goodman v. Clark*, No. 2:09-cv-355, 2010 WL 2838396 (N.D. Ind. July 12, 2010) as follows:

> Further, attorneys have a duty to apprise themselves of the status of a case and "attorney in-attentiveness" is not excusable neglect. *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004); Casimir v. Sunrise Fin., Inc., 299 Fed. Appx. 591, 593 (7th Cir. Nov.14, 2008) (unpublished) (rejecting plaintiffs' excuse that they didn't receive mailed notice of the status of their case until twenty-one days after summary judgment was entered when the court order was available through an online electronic docketing system and noting that "all litigants ... are responsible for maintaining communication with the court and monitoring the status of their lawsuit as necessary"); *McMillian v. Dist. of Columbia*, 233 F.R.D. 179, 181 (D.D.C. 2005) ("The parties to a case bear the responsibility of monitoring the court's docket."). Even if Mr. Horwitz did not receive e-mail notice of the motion, he still had a duty to monitor the court's docket. Fox v. Am. Airlines, Inc., 389 F.3d 1291, 1294 (D.C. Cir. 2004); *Bardney v. United States*, 959 F. Supp. 515, 522 (N.D. Ill. 1997) ("the 'I didn't receive notice' defense doesn't work in federal court. Were it to work, any disingenuous attorney could delay, or even preclude, compliance with a court order by asserting a justification akin to the 'ostrich defense,' a defense frequently asserted in criminal matters.").

*Id.* at *4. Counsel's duty to monitor the docket in this matter cannot be questioned, and that duty was highlighted by the fact that counsel was aware of an issue with his calendaring system, as shown by Mr. Leerkamp's response to Magistrate Judge Lynch's order to show cause.

The Court uses regular status conferences to manage its docket and ensure the orderly progress of cases through the Court. Mr. Leerkamp's repeated failures to participate in Court-ordered conferences is contrary to the efficient administration of justice by the Court, shows a callous disregard to the interests of Mr. Leerkamp's client, and is disrespectful to both the Court and to opposing counsel, who have appeared for all the proceedings they have been ordered to attend. Accordingly, the Court recommends that Mr. Leerkamp be sanctioned in the amount of $500.00 for his conduct. Mr. Leerkamp shall tender a check in the amount of $500.00 payable to the Clerk of Court within fourteen days of the adoption of this Report and Recommendation.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 17 JUN 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.